IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN WESLEY PARHAM, JR.                                                                   PLAINTIFF

V.                                    CIVIL ACTION NO. 5:10cv25-DCB-MTP

JULIE SOUTHERLAND                                                      DEFENDANT

## ORDER REGARDING SERVICE OF PROCESS

This matter is before the court *sua sponte* for case management purposes. Plaintiff filed this civil rights action on March 2, 2010, against Julie Southerland, and included a partial payment of $150.00 for the filing fee. On March 3, 2010, Plaintiff was ordered to either pay the balance of $200.00 for the filing fee or to file a completed application for leave to proceed *in forma pauperis*. *See* Order [3]. The court received the balance of the filing fee on March 31, 2010. *See* Docket Entry dated 3/31/10.

On April 6, 2010, the Clerk of Court sent a Memorandum [7] to Plaintiff advising him that he was responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Clerk enclosed summons forms and provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, and provided Plaintiff with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case.

Summons [8] was issued to Julie Southerland on April 15, 2010, and Plaintiff filed his Proof of Service [9] on April 23, 2010. On the Proof of Service [9], Plaintiff indicates he served Ms. Southerland by mail to what appears to be a personal address. However, Plaintiff is advised that service of process by mail is only effective when the Defendant waives service under Fed. R. Civ. P. 4(d), or when the Defendant timely returns the notice and acknowledgment form under

Miss. R. Civ. P. 4(c)(3). *See* Fed. R. Civ. P. 4(e)(1).

Plaintiff is reminded that it is his responsibility to properly serve Defendant with process under Fed. R. Civ. P. 4 within 120 days after the complaint is filed. *See* Fed. R. Civ. P. 4(c) (providing that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"); *see also* Fed. R. Civ. P. 4(m) (providing that if the Plaintiff fails to serve the defendant with the complaint within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant . . ."). Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court and the U.S. Marshal's office have no obligation to assist Plaintiff with the service of process. *See* Fed. R. Civ. P. 4(c); Local Rule 4.1(B) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*). Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff must properly serve the Defendant with the summons and complaint by August 6, 2010,[1] and must file the proof of service of the summons and

---

[1] Although Plaintiff's Complaint was filed on March 2, 2010 and his filing fee was paid in full on March 31, 2010, the Clerk did not mail the Memorandum [7] to Plaintiff advising him that he was responsible for service of process pursuant to Rule 4 until April 6, 2010. Weighing all doubts in Plaintiff's favor, the 120-day time limitation began to run on April 6, 2010, the date the Memorandum [7] from the Clerk was mailed.

complaint by the server's affidavit pursuant to Rule 4(l).

2. That Plaintiff's failure to properly serve the Defendant in accordance with Rule 4 could result in the dismissal of this action.

3. That it is the Plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

SO ORDERED this the 2nd day of July, 2010.

                                 s/ Michael T. Parker
                                 United States Magistrate Judge