IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOHN WESLEY PARHAM, JR.**                                                                     **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 5:10cv25-DCB-MTP**

**JULIE SOUTHERLAND**                                                          **DEFENDANT**

**ORDER**

This matter is before the Court *sua sponte* for case management purposes. On April 6, 2010, the Clerk of Court sent a Memorandum [7] to Plaintiff advising him that he was responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure, as he paid the filing fee and is not proceeding *in forma pauperis*. The Clerk enclosed summons forms and provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, and provided Plaintiff with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case.

Summons [8] was issued to Julie Southerland on April 15, 2010, and Plaintiff filed his Proof of Service [9] on April 23, 2010. On the Proof of Service [9], Plaintiff indicates he served Ms. Southerland by mail to what appears to be a personal address.

On July 2, 2010, the Court entered an Order [10] advising Plaintiff that service of process by mail is only effective when the Defendant waives service under Fed. R. Civ. P. 4(d), or when the Defendant timely returns the notice and acknowledgment form under Miss. R. Civ. P. 4(c)(3). *See* Fed. R. Civ. P. 4(e)(1). The Court further reminded Plaintiff that it is his responsibility to properly serve Defendant with process under Fed. R. Civ. P. 4 within 120 days

after the complaint is filed.[1]  *See* Fed. R. Civ. P.  4(c) (providing that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"); *see also* Fed. R. Civ. P.  4(m) (providing that if the Plaintiff fails to serve the defendant with the complaint within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant . . ."). Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court and the U.S. Marshal's office have no obligation to assist Plaintiff with the service of process.  *See* Fed. R. Civ. P. 4(c); Local Rule 4.1(B) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*).

On June 22, 2010, Plaintiff filed a Request for Waiver [11] of service directed to Julie Southerland.  It is unclear whether Plaintiff sent a copy to Ms. Southerland.  To date, no waiver has been filed with the Court.

On August 9, 2010, Plaintiff filed a Motion for Extension of Time to Conduct Service of Process [12], seeking a thirty-day extension to serve Ms. Southerland with process, stating that

---

[1]In its Order [10], the Court advised Plaintiff that his 120-day deadline passed on August 6, 2010.  Although Plaintiff's Complaint was filed on March 2, 2010 and his filing fee was paid in full on March 31, 2010, the Clerk did not mail the Memorandum [7] to Plaintiff advising him that he was responsible for service of process pursuant to Rule 4 until April 6, 2010.  Weighing all doubts in Plaintiff's favor, the 120-day time limitation began to run on April 6, 2010, the date the Memorandum [7] from the Clerk was mailed.

he misunderstood the instructions given by the Court and needs an extension to properly complete service of process.  The Court granted the motion, holding that Plaintiff must properly serve the Defendant with the summons and complaint by September 6, 2010, and must file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l).[2] Plaintiff was warned that his failure to properly serve the Defendant in accordance with Rule 4 could result in the dismissal of this action. *See* Order [14].

On September 1, 2010, Plaintiff filed a returned summons for Defendant.  *See* Summons [15] attached hereto.  The proof of service is not clearly legible, but Plaintiff declares he served Julie Southerland by "personally delivering a copy of each to an official for ... [illegible] ... Complex . . . Haley Barbour Parkway, Yazoo City, MS, ...." *Id.*  While not entirely legible, it appears Plaintiff served a copy of the complaint and summons on the Warden or someone else, but not Julie Southerland.  If so, process for Ms. Southerland is not complete.  *See* Fed. R. Civ. P. 4(e) and (i).  Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff file a legible copy of the proof of summons dated August 30, 2010 and/or clarify the illegible portions thereof by November 24, 2010.

2. Alternatively, Plaintiff must *properly* serve the Defendant with the summons and complaint pursuant to Rule 4 by November 24, 2010, and must file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l).

---

[2]Alternatively, the Court held that Plaintiff could file a waiver of process signed by Ms. Southerland by September 6, 2010.  No waiver was filed by with the Court.

3. That Plaintiff's failure to properly serve the Defendant in accordance with Rule 4 by November 24, 2010 will result in the dismissal of this action without prejudice.

4. That it is the Plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

SO ORDERED this the 3rd day of November, 2010.

s/ Michael T. Parker<br>
United States Magistrate Judge